LEBOLD ET AL. *v.* MUSKINGUM WATERSHED CONSERVANCY
DISTRICT.

(Decided April 30, 1935.)

*Messrs. Seikel, Seikel & Seikel,* for plaintiffs in error.

*Messrs. Wilkin, Fisher & Limback* and *Mr. Warner Pomerene,* for defendant in error.

BY THE COURT. On October 8, 1934, the Board of Directors of the Muskingum Watershed Conservancy District, in conformity with the provisions of Section 6828-12, General Code, duly adopted an official plan for certain improvements for which the district was created. Thereafter, and within the ten day period provided, the plaintiffs in error, parties in close proximity to such improvements, and who will be affected by the improvements at and above what is known as the "Dover Dam" in the Tuscarawas river, filed with the clerk of the Court of Common Pleas of Tuscarawas county their written objections to the official plan so

adopted by the directors of the conservancy district.

Thereafter, on November 8, 1934, one judge of the Court of Common Pleas from each of the sixteen counties incorporated within said district convened at New Philadelphia for the purpose of hearing the objections. It was proposed as a form for procedure, and adopted by the Conservancy Court without objection, that, inasmuch as the objections were somewhat like those arising in a will contest, such should be the method of procedure, and if the official plan had not been attacked it would automatically have subsequently become the unquestionable plan of improvement. The Directors were to introduce the plan, and rest, and the objectors should then introduce their evidence in support of their objections, which the directors might then controvert. This procedure was followed, as previously stated, without objection on the part of the objectors. As other objections had been filed to improvements to be made elsewhere within the district, the Conservancy Court fixed certain times for hearing the various objections, and continued the hearings from day to day. In the particular instance of the objections made by the plaintiffs in error, their evidence was offered, which was countered by evidence then offered by the directors. The objectors then requested the court for a separate finding of facts and conclusion of law. In due season the Conservancy Court complied with the objectors demands. It concluded the facts and law to be in favor of the conservancy district and entered judgment accordingly. A motion for a new trial and an application for a rehearing having been denied, error is prosecuted to this court.

In the first instance it must be kept in mind that although this proceeding is distinctly denominated a proceeding in error this court is opportuned in brief and oral argument to substitute its judgment for that of the sixteen judges of the Court of Common Pleas who constituted the Conservancy Court. In *Snyder* v.

*Deeds,* 91 Ohio St., 407, 110 N. E., 1068, it is unequivocally held by our Supreme Court that an appeal does not lie from proceedings of this character. This court cannot in an error proceeding consider the questions *de novo,* but must limit its inquiry within the well recognized rule as to whether prejudicial error has intervened in the manner and things complained of.

The plaintiffs in error insist that the burden of proof was upon the conservancy district to establish by proper evidence all facts necessary to warrant the making of the improvements contemplated by the official plan. The defendant in error, the conservancy district, vehemently controverts this claim. Neither of the parties directs us to any authority which sustains its contention. Although the record does not disclose that the procedure followed was that of a will contest case, except as is indicated by the court's finding of fact, the plaintiffs in error do not deny the assertion of counsel for the conservancy district that such was the fact. We shall therefore assume the assertion to be true, and direct attention to the following statement appearing in 28 Ruling Case Law, 398, Section 407:

"The weight of authority, however, is to the effect that in a contest of a will which has theretofore been duly admitted to probate the burden of proof is on the contestant to establish his grounds of contest."

In *Irwin* v. *Jacques,* 71 Ohio St., 395, 406, 73 N. E., 683, 69 L. R. A., 422, it is held:

"The will and the record of its probate, make a *prima facie* case for the contestees, and the burden is upon the contestants to overthrow the will."

Inasmuch as the objectors have acquiesced in the procedure followed by the Conservancy Court without objection, we are unable to perceive why they should now be permitted to claim adversely and assert as erroneous that in which they have participated with-

out complaint.  Good conscience must therefore con-
clude this claim adversely to them.

The plaintiffs in error urge that by virtue of Sec-
tion 6828-12, General Code, and especially that portion
thereof providing that the court "shall meet at the
court house of the county where said original case is
pending and hear said objections and adopt, reject or
refer back said plan to said board of directors," it was
the duty of the Conservancy Court to have fully in-
quired into the official plan.  If this be the proper con-
struction to be placed on this section then the ob-
jectors need only have made denial of the plan's
feasibility, and have shown that it was impracticable
and would not accomplish the objective for which the
district was created, and have sat idly by while the
district's personnel sought to convince the court of
the practicability of the plan.  The section prescribes
that after public hearing "said board shall adopt a
plan as the official plan of the said district."  It is not
written that the Conservancy Court shall adopt a plan
in the first instance, but it shall "adopt, reject or refer
back said plan" only if "any person or persons object
to said official plan."  It is provided that objectors
must specify in writing "the features of the plan to
which they object," and the court shall meet "and hear
said objections," etc.  As previously noted, if objec-
tions had not been filed the official plan would auto-
matically have become the plan of construction with-
out any act of the Conservancy Court.  The presump-
tion is that the board of directors adopted a plan of
improvement not out of mere caprice, but adequate
and necessary to accomplish the ends contemplated.
That presumption the Conservancy Court should and
did respect.  It was that court's duty to "hear said
objections" only, and if the objections were found to
be well taken to have rejected the plan and referred it
back to the board of directors "for amendment."  The

statutory construction insisted upon by the plaintiffs in error can not be upheld.

It is claimed that the "Dover Dam" project was not incorporated in the contract between the district and the United States government, and, hence, that its incorporation in the official plan is illegal. This claim is not well made. The contract recites that the dams and reservoirs are referred to as tentative locations, and the contract prescribes "such other reservoirs in number, location and design as may be agreed upon by the Conservancy District and the Corps of Engineers." The evidence discloses that the official plan was regularly prepared and adopted pursuant to law. The error claimed in this respect is not well taken.

It is maintained that the judgment is against the manifest weight of the evidence. We can not so conclude without substituting our judgment for that of the Conservancy Court, which we have no legal right to do. It is pointed out in the trial court's finding of fact that the greater portion of the evidence offered by the plaintiffs in error pertains to the matter of damages that will be suffered by the objectors by the construction of "Dover Dam." We have no doubt that they will sustain a very considerable damage. But that is not the question presented by objection to the official plan. That is a matter for subsequent settlement. It is unfortunate, but always occurring in projects of this character, that those at and above dams must and do suffer injury for the public welfare, for which they must be compensated.

It is contended that a constitutional inhibition is encountered in and by this proceeding. We perceive no such question here presented. It is claimed that evidence was erroneously admitted without notice to the objectors and without opportunity afforded to cross-examine witnesses. If such is true the error complained of was not prejudicial in view of the failure of the plaintiffs in error to substantiate the averments

of the objections filed by proper and sufficient proof to overcome the presumption of sufficiency and legality of the official plan. We find such further errors as are alleged to be not well taken, and finding no error in the matters and things complained of the judgment must be affirmed.

*Judgment affirmed.*

LEMERT, P. J., MONTGOMERY and SHERICK, JJ., concur.