**SCIOTO-SANDUSKY CONSERVANCY DISTRICT, In re.**

Ohio Appeals, Second District, Franklin County.

No. 4690.   Decided April 1, 1952.

262

Allen I. Pretzman, E. W. Dillon, Columbus, for appellee, Scioto-Sandusky Conservancy District.

Luther L. Liggett, Pros. Atty., Marysville, and Clyde E. Lewis, Pros. Atty., Delaware, for objectors-appellants.

(METCALF, J, of the Fourth District, sitting by designation in the Second District.)

**OPINION**

By THE COURT.

The Scioto-Sandusky Conservancy District is one created by virtue of the Conservancy Act (§6828-1 GC et seq.), and is made up of seventeen counties touching upon the Scioto and Sandusky Rivers or the watersheds thereof extending from the Ohio River to Lake Erie.

Under date of January 12, 1951, the Conservancy District, by its directors, adopted an Official Plan for the district. Pursuant to §6828-12 GC, certain persons, public corporations, and other organizations filed, within the time specified, objections to the Official Plan and as provided by this Section a hearing was had before the Conservancy Court, which Court consists of one judge each from the seventeen counties making up the district. The law provides that the Conservancy Court upon hearing the objections may, by a majority of the entire Court, approve, reject or refer back the Official Plan to the Board of Directors of the district. The hearing consumed nine days, starting in February, 1951. On July 20, 1951, the Conservancy Court, after having referred the Official Plan to the directors to include, in certain respects, an estimate of the cost for the construction of certain reservoirs and a direction to change, in certain respects, the project known as the Columbus Local Improvements, and having received back from the Board of Directors of the Conservancy District the amendments requested, approved and adopted the Official Plan as so amended.

From this order and decree by the Conservancy Court the objectors, as appellants, appeal to this Court on questions of law.

There are fourteen separate assignments of error, each of which this Court has considered but a separate discussion of all of them is not necessary to a proper disposition of this appeal.

At the time of the hearing before this Court appellants filed a motion, supported by affidavits, which amounts to a motion for diminution of the record although we are in sub-

stance asked to accept the three affidavits proffered for the purpose of considering the record of attendance of the judges of the Conservancy Court on the hearing of the objections. Assignments 1, 5 and 6 also go to the same question.

An examination of the record discloses that a like motion was filed before the Conservancy Court on the day that Court rendered its decision and was by it overruled. There is no showing that there is any omission in the bill of exceptions occurring through accident or error which necessitates a correction. Nowhere in the record did counsel for the appellants object to going forward with the testimony because of the absenteeism of any of the seventeen judges making up the Conservancy Court. In lieu of this counsel saw fit to wait until the day of the decision before raising the question before that Court and that Court, at that late date, correctly overruled the motion. So there is nothing before this court to challenge the record in the Court below or in any way make applicable §11572-a GC. Further, the journal entry of July 20, 1951, journalizing the judgment and decree of approval of the Official Plan by the Conservancy Court states specifically that its action is predicated upon "the evidence, briefs and statements of counsel with respect thereto, and on consideration thereof, the Court finds" as thereinafter set forth.

Under such circumstances we must assume the Court and each member thereof voting was fully advised in the premises and reached its collective judgment by reason of the record. The motion filed before us and the assignments of error relative to the absenteeism of any member of the nine judges making up the majority of the Court in its decision, must be denied.

Complaint is made that the procedure adopted by the Court for the hearing of the objections to the Official Plan was erroneous. In the opinion of this Court, it was the duty of those objecting to the Official Plan to substantiate their objections. The Conservancy Court followed the procedure adopted in **Lebold, et al. v. Muskingum Watershed Conservance District, 50 Oh Ap 476, 198 N. E. 583, 4 O. O. 190**, and in this it was correct. Further objection is made that the Official Plan was not prepared or completed in accordance with the Conservancy Act but an examination of the record and the Official Plan refutes this charge.

Several of the assignments of error, such as attacking the constitutionality of the Conservancy Act, the taking of property without due process of law, and in fact, most of the testimony offered by the objectors in substantiation of their objections arise out of the inclusion in the Official Plan of the proposed Mill Creek Dam and reservoir. This reservoir is to be located

in Delaware and Union Counties and it is from those two counties both by the officials and those people and organizations affected that the objections largely arise.

This comes about in the main by reason of the explanation given and the manner and mode to be followed by the Board of Directors of the district in reference to the Mill Creek Dam project. On this subject the plan discloses the following statement:

"The Board of the District has attempted to consider this project from every angle and finally decided to include it in the Official Plan on the condition that the Corps of Engineers recommend that it be included in the Comprehensive Plan for Flood Control and Other Purposes in the Ohio River Basin and that the project be authorized by Congress and be built and maintained at Federal expense."

It is urged by the objectors, and with a great deal of merit, that during the interim between the approval of the Official Plan and the action taken by the Federal Government there will be a long period of uncertainty on the part of the people and organizations affected. That this will place a cloud upon the title to the property involved in that its salability will be retarded and consequently when and if ever the reservoir is constructed the reasonable value, at that time, may be much less than at the present. This may or may not be true but it is purely conjecture. Owing to the purposes of the Conservancy Act, that of securing the public health, safety, convenience, and welfare, and for the prevention of great loss of life and of public and private property from floods and uncontrolled waters, it is necessary that the act be liberally construed to effect such control, conservation and drainage of the waters of the state. See 8 O. Jur., 22, Paragraph 4.

Therefore, in the opinion of this Court, under such a construction the Conservancy District has a right to provide for this reservoir in its Official Plan even though the construction thereof depends upon further action by the Congress of the United States in order to carry out the intent and purpose of the Legislature in the enactment of the Act.

The constitutionality of the Conservancy Act has been established. See Miami, et al. v. City of Dayton, 92 Oh St 215, 110 N. E. 726.

When the Official Plan is put in operation due compensation or damage will and must be paid to those entitled thereto. No property will be taken without due process of law. And even though this Court may sympathize and appreciate the claim of the objectors that they are left in a state of uncertainty, that much of their community will be uprooted and changed, that their schools, churches and other organizations

will be adversely affected, yet the reading of the entire record, an examination of the plan and the exhibits, the testimony of qualified engineers as to the broad overall plan for flood control of the Scioto Valley, the people, towns and property affected, the results sought to be obtained, all force this Court to the conclusion that the judgment of the Conservancy Court is substantiated by sufficient and creditable evidence and that the same is not manifestly against the weight of the evidence.

Such a conclusion, of course, presents a situation where a few must be greatly inconvenienced in order that a governmental agency may operate for the benefit of the many. Any relief from the operation of the Conservancy Act in this regard must of necessity come from the legislative rather than the judicial branch of our government.

The claim of appellants that the Conservancy District should be dissolved because its purpose has not been accomplished is without merit for the reason that it cannot be determined, at this time, whether the Official Plan as outlined will or will not be consummated.

The record presents no prejudicial error, none of the assignments is well made, and the judgment of the Conservancy Court must be affirmed.

Judgment affirmed.

HORNBECK, PJ, WISEMAN and METCALF, JJ, concur.